IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION


AVIVA LIFE and ANNUITY COMPANY)
f/k/a AMERUS LIFE INSURANCE    )        NO. 4:11-cv-00305-REL-RAW
COMPANY,                       )
                               )
        Plaintiff/             )        REPORT AND RECOMMENDATION
        Counterclaim           )        ON PLAINTIFF'S
        Defendant,             )        SECOND RENEWED
                               )        MOTION FOR SANCTIONS,
    vs.                        )        DISMISSAL OF COUNTERCLAIMS
                               )        AND DEFAULT JUDGMENT
RANDAL ESPEY,                  )
                               )
        Defendant/             )
        Counterclaim           )
        Plaintiff.             )

    The   Court has before it plaintiff's second renewed
motion for sanctions, dismissal of counterclaims, and default
judgment [74]. Defendant/counterclaim plaintiff Espey has not
responded. The motion is considered on the motion papers. LR 7.c.

    This case involves competing breach of contract claims
arising from an agency agreement between Aviva[1] and Mr. Espey to
sell life insurance policies and annuity contracts. In the course
of that relationship Aviva lent significant sums to Mr. Espey and
allowed him to draw on his commissions account under a repayment
agreement. Aviva's breach of contract claims allege Mr. Espey
failed to make payments on the promissory notes securing the loans
(Count 1) and on the commissions account repayment agreement (Count
2). Mr. Espey, at that time represented by counsel, filed a

---

    [1] Aviva was formerly known as AmerUs Life Insurance Company.

counterclaim alleging breach of contract by Aviva and fraudulent inducement.

In May 2012 the parties began having problems scheduling Mr. Espey's deposition. A sticking point was Mr. Espey's reluctance to travel to Iowa for the deposition. (Pl. App. [74-2] at 1-8). On June 19, 2012 Mr. Espey's counsel filed an application to withdraw as counsel [34]. While Mr. Espey was still represented, counsel continued to exchange e-mails attempting to schedule his deposition. (*Id.* at 10-22). On July 13, 2012 the Court granted the application to withdraw and directed Mr. Espey to advise the Court by July 31, 2012 how he would proceed with representation. [39]. Counsel for Aviva apparently continued to exchange e-mails with Mr. Espey to set his deposition, sending him a Notice of Deposition for July 27, 2012 at the offices of Aviva's counsel. Mr. Espey informed plaintiff's counsel he could not appear that week but did not provide alternative dates as requested. The deposition remained set as noticed and Mr. Espey did not appear for it. (*Id.* at 18-26).

As a result of Mr. Espey's failure to appear, plaintiff's first motion for sanctions, dismissal of counterclaims and default judgment [40] was filed on August 6, 2012. At this time, Mr. Espey had not reported to the Court concerning his representation. On its own motion the Court extended the time for Mr. Espey to report, to August 22, 2012. [42]. On August 22, 2012 Mr. Espey submitted by fax transmission to the Clerk's office what turned out to be the

first of several requests for additional time to find counsel [43].
The Court granted Mr. Espey additional time on six occasions, all
based on Mr. Espey's reports that he was still seeking counsel or
was working with a Des Moines firm to secure its services. [44],
[46], [52], [54], [56], [59]. In the meantime, the Court had denied
Mr. Espey's motion to transfer. [47].

Upon being informed that yet another Des Moines law firm
would be representing Mr. Espey, the Court set a telephone status
conference for January 4, 2013 to get the case on track for trial.
Mr. Espey did not appear on the telephone for that conference nor
did counsel for him. Prior to the hearing the attorney who Mr.
Espey had said would be appearing for him notified the Court his
firm would not be appearing. ([62] at 1). As directed by the Court,
Aviva counsel submitted a proposed scheduling order and discovery
plan. [61]. In an order adopting the proposed schedule and setting
the case for trial, the motion for sanctions was denied without
prejudice. ([62] at 2). However, the Court also noted Mr. Espey had
been given "more than adequate time to retain substitute counsel"
and that he should proceed *pro se*. (*Id.*)

Aviva's counsel again attempted to schedule Mr. Espey's
deposition, without success. A renewed motion for sanctions,
dismissal of counterclaims, and default judgment [67] was filed by
Aviva. When Mr. Espey had not responded to the motion within the
time provided by the local rules, the Court, again on its own

motion, directed him to respond by April 12, 2013. Mr. Espey did respond and based on that, the Court again denied the request for sanction of dismissal and default judgment. [71] The Court did, however, direct Mr. Espey to appear for a deposition not later than June 15, 2013, in Des Moines, Iowa, upon 30 days notice from Aviva's counsel. (*Id.*)

Following the Court's order, on April 29, 2013 Aviva noticed Mr. Espey for deposition on June 6, 2013. (Pl. Second Renewed Mot. App. [75] at 34). Counsel and Mr. Espey engaged in a series of e-mail exchanges attempting to reach agreement on when Mr. Espey could appear, ultimately settling on June 13, 2013. (*Id.* at 37). Mr. Espey failed to appear again. (*Id.* at 41-45). Mr. Espey gave counsel the excuse he understood the deposition had been canceled to facilitate settlement negotiations between the parties. (*Id.* at 46).  The present second renewed motion for sanctions, dismissal of counterclaims and default [74] followed on July 1, 2013. The time for response to the motion has passed with no response by Mr. Espey. It is submitted on the motion papers. LR 7.c.

Plaintiff seeks the sanction of dismissal based on defendant's failure to comply with court orders and failure to sit for a deposition. Fed. R. Civ. P. 37(b)(2)(A)(v). In this circuit dismissal as a discovery sanction, or for failure to prosecute, is

only to be entered in the last extremity. *Siems v. City of Minneapolis*, 560 F.3d 824, 826 (8th Cir. 2009).

> . . . We have repeatedly stressed that the "sanction imposed by the district court must be *proportionate* to the litigant's transgression" . . . and that "[d]ismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint".
> . . .

*Smith v. Gold Dust Casino*, 526 F.3d 402, 405 (8th Cir. 2008)(quoting *Rodgers v. The Curators of the Univ. of Mo.,* 135 F.3d 1216, 1219 (8th Cir. 1998) and *Givens v. A. H. Robins, Co.,* 751 F.2d 261, 263 (8th Cir. 1984)(emphasis original to *Rodgers*)).

Defendant has failed to sit for his deposition and failed to even respond to the present motion. He has been warned noncompliance could result in dismissal. *Smith* 526 F.3d at 405. The pattern of delay evinced by the record has effectively stalled the case and denied plaintiff an opportunity to investigate and prosecute its claims and defend against Mr. Espey's counterclaims. It is fair to view the circumstances as evincing willful disobedience to the Court's orders and/or a persistent failure to prosecute his counterclaim.

As a sanction for Mr. Espey's conduct, plaintiff seeks dismissal of the counterclaims; entry of default judgment on Aviva's claims against Mr. Espey; and the expenses of counsel's

preparation for the latest aborted deposition and this motion. Counsel's fees are $2,280 which the Court finds to be reasonable.

IT IS RESPECTFULLY RECOMMENDED that the Court grant [74] plaintiff's second renewed motion for sanctions, dismissal of counterclaims, and default judgment against defendant/counterclaim plaintiff Randal Espey. The counterclaim should be dismissed as a sanction for Mr. Espey's noncompliance with Court orders and failure to appear for his deposition and default judgment be entered against him on Aviva's breach of contract claims. Additionally, Mr. Espey shall pay to Aviva $2,280 for attorney fees and expenses in connection with preparing plaintiff's meritorious motion.

IT IS ORDERED that Mr. Espey have until **August 12, 2013** to file written objections to the Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1). *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990); *Wade for Robinson v. Callahan*, 976 F. Supp. 1269, 1276 (E.D. Mo. 1997). Any objections filed must identify the specific portions of the Report and Recommendation and relevant portions of the record to which the objections are made and must set forth the basis for such objections. *See* Fed. R. Civ. P. 72; *Thompson*, 897 F.2d at 357. Failure to timely file objections may constitute a waiver of plaintiff's right to appeal questions of fact. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994); *Halpin v. Shalala*, 999

F.2d 342, 345 & n.1, 346 (8th Cir. 1993); *Thompson*, 897 F.2d at

357.

       IT IS SO ORDERED.

       Dated this 25th day of July, 2013.

 

ROSS A. WALTERS
UNITED STATES MAGISTRATE JUDGE